IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FREEMAN FAMILY RANCH, LTD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-07-1085-D |
| | ) | |
| MAUPIN TRUCK SALES, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court is Defendant Maupin Truck Sales, Inc.'s Motion for Judgment as a Matter of Law or for New Trial [Doc. No. 173], filed pursuant to Fed. R. Civ. P. 50(b).[1] Defendant renews its trial motion under Rule 50(a), challenging the sufficiency of the evidence to support Plaintiff's negligence claim under the alternative liability theory of proof submitted to the jury. The Motion is fully briefed and at issue.

A. **Standard of Decision**

A judgment as a matter of law may be entered in Defendant's favor only if the Court concludes based on all of the trial evidence "that a reasonable jury would not have a legally sufficient evidentiary basis to find" for Plaintiff on its negligence claim under controlling law. *See* Fed. R. Civ. P. 50(a)(1); *see also Wagner v. Live Nation Motor Sports, Inc.*, 586 F.3d 1237, 1244 (10th Cir. 2009). A Rule 50 judgment is proper "'only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position.'" *See Hysten v. Burlington N. Santa Fe Ry. Co.*, 530 F.3d 1260, 1269 (10th Cir. 2008) (quoting *Tyler v. RE/MAX Mountain States, Inc.*, 232 F.3d 808, 812 (10th Cir. 2000)); *see also Wagner*, 586 F.3d at

---

[1] The movant is the only defendant against whom a judgment was entered and thus will be referred to as simply "Defendant."

1244; *Deters v. Equifax Credit Info. Servs., Inc.*, 202 F.3d 1262, 1268 (10th Cir. 2000). Thus, in considering Defendant's Motion, the Court must view the evidence in the light most favorable to Plaintiff and give Plaintiff the benefit of all reasonable inferences. *See Davis v. United States Postal Serv.*, 142 F.3d 1334, 1339 (10th Cir.1998); *see also Wagner*, 586 F.3d at 1244; *Deters*, 202 F.3d at 1268. The Court may "not weigh the evidence, pass on the credibility of the witnesses, or substitute [its] conclusions for those of the jury." *See Baty v. Willamette Indus., Inc.*, 172 F.3d 1232, 1241 (10th Cir. 1999), *overruled on other grounds*, *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002); *see also Wagner*, 586 F.3d at 1244; *Deters*, 202 F.3d at 1268.

Alternatively, a new trial may be granted if the Court finds that an error occurred and that the error prejudiced the substantial rights of a party. *See Sanjuan v. IBP, Inc.*, 160 F.3d 1291, 1296 (10th Cir. 1998). A new trial may be warranted if Defendant shows either that a prejudicial trial error occurred or that the jury's verdict was not based on substantial evidence. *See White v. Conoco, Inc.*, 710 F.2d 1442, 1443 (10th Cir. 1983).

**B.     Analysis**

To prevail on a negligence claim, Plaintiff was required to establish that Defendant's conduct was negligent and that Defendant's negligence was a direct cause of Plaintiff's injury. Under the Court's summary judgment and trial rulings, Plaintiff was permitted to rely for proof of causation on the doctrine of alternative liability recognized in *Hood v. Hagler*, 606 P.2d 548 (Okla. 1979). This doctrine shifts to Defendant the burden to establish that its conduct was not the cause of Plaintiff's injury once Plaintiff established that two or more defendants were negligent and the conduct of one of them caused Plaintiff's injury. *See id.* at 553-54. Defendant contends in its Motion that the doctrine was wrongly utilized here because Plaintiff did not prove Defendant acted

2

negligently, because the jury did not find both defendants were negligent, and because other potential tortfeasors were not joined as defendants.

Under the deferential standard applicable to Rule 50 motions, the Court respectfully disagrees with Defendant's assessment of the trial evidence. Viewed in the manner required by Rule 50, the Court finds that the evidence admitted at trial was sufficient to permit the jury reasonably to find that Defendant and Mohrlang Manufacturing, Inc. ("Mohrlang") negligently installed the air conditioner and the mixer-feeder unit on Plaintiff's truck and that the negligence of one of them caused the fire that destroyed the truck.

For example, Plaintiff's cause and origin expert witness, Troy Little, testified that the fire was caused by arcing, and that the area of arcing which was the farthest from the power source was in the wires behind the cab of the truck. Mr. Little testified that the area behind the cab was likely where arcing first occurred. The wires running through the conduit to the rear of the cab were installed by both Defendant <u>and</u> Mohrlang. Mr. Little opined that the arcing was likely caused by insufficient protection of wiring and insufficient fusing, and that the fire, once ignited, burned forward into the cab where it found additional fuel for combustion. Mr. Little testified that his investigation found no evidence of fuse holders in the debris, and such would have been present had proper fusing been installed. Mr. Little claimed support for his opinions from the forensic evidence and his inspection of exemplar vehicles, and further opined that the starter mechanism was not the source of the fire.[2]

Plaintiff's employee, Albert Berg, testified that he had used the subject truck earlier in the day of the fire without incident. He further testified that the truck was regularly and properly

---

[2]The starter is an engine component installed by the original vehicle manufacturer, which was not a party to the case.

maintained. He stated that there were no external flame sources in the area where the vehicle was parked. He testified that the fire started several hours after he had finished his work and parked the truck. He further testified that after the fire was extinguished he took steps to protect the remains of the truck until it was inspected by fire investigators.

The foregoing testimony, if believed, as well as other evidence in the case could have sufficiently supported the jury's verdict, and precluded the granting of Defendant's Rule 50 Motion made during trial. Defendant's argument regarding a lack of proof of negligence improperly states a view of the trial evidence most favorable to Defendant and ignores evidence that, together with reasonable inferences therefrom, supports a finding that the air conditioner and the mixer-feeder unit were negligently installed on Plaintiff's truck. In short, the Court finds that Plaintiff's alternative liability theory was properly submitted to the jury and that the jury's verdict is supported by substantial evidence.

Further, the fact that the jury rendered a verdict solely against Defendant necessarily means only that Mohrlang convinced the jury its negligence did not cause the fire. It is well established that "[a] jury is presumed to follow its instructions." *Weeks v. Angelone*, 528 U.S. 225, 234 (2000); *see Richardson v. Marsh*, 481 U.S. 200, 211 (1987) (noting this rule "is a pragmatic one, rooted less in the absolute certitude that the presumption is true than in the belief that it represents a reasonable practical accommodation" of interests). This presumption applies "even when there has been a misleading argument." *Bland v. Sirmons*, 459 F.3d 999, 1015 (10th Cir. 2006). The Court's instructions to the jury regarding Plaintiff's theory of alternative liability expressly permitted the jury to return a verdict against only one defendant if the jury found that the other defendant's conduct did not cause Plaintiff's loss. Thus, the Court will not disturb the jury's verdict simply because Defendant alone was adjudged to be liable.

Finally, the Court rejects Defendant's argument that Plaintiff's theory of alternative liability was improper because the trial evidence suggested the existence of additional potential tortfeasors who were not joined as defendants. Defendant bases this argument on the proposition that a plaintiff may not pursue an alternative liability theory without joining all persons who may possibly have caused the plaintiff's injury. This proposition is unsupported by any citation of legal authority. Therefore, the Court declines to consider it. Accordingly, having found that Defendant has failed to substantiate any claim of error, the Court denies Defendant's alternative request for a new trial.

IT IS THEREFORE ORDERED that Defendant Maupin Truck Sales, Inc.'s Motion for Judgment as a Matter of Law or for New Trial [Doc. No. 173] is DENIED in its entirety.

IT IS SO ORDERED this 13th day of October, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE